**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RAZORBACK MOISTURE,**
**A California General Partnership**                                      **PLAINTIFF**

**v.**                              **Case No. 4:12-cv-158- KGB**

**GRAPHIC PACKAGING**
**INTERNATIONAL, INC.**                                      **DEFENDANT**

### AGREED PROTECTIVE ORDER

Before the Court is defendant Graphic Packaging International, Inc.'s, agreed motion for protective order (Dkt. No. 22)., The parties, by and through their undersigned attorneys of record, hereby stipulate and agree that the following terms and conditions shall govern the voluntary disclosure and production of trade secrets, confidential research, development and commercial information, and other information whose confidentiality is protected under applicable law.

DEFINITIONS

1.      The following definitions apply to this Order:

(a)      The term "document" or "documents" shall include all writings discoverable under the Rules of Civil Procedure.

(b)      "Confidential Information" refers to any information, documents, and things which are subject to discovery in this action which include proprietary information, trade secrets, information regarding business decisions, employee training, or contracts with third parties that are entitled to or allowed confidential treatment under Arkansas law.  This Protective Order is not intended to protect documents or information that have been placed in the public

domain or documents and information that do not disclose trade secrets or sensitive, proprietary information about a product or service that would otherwise not be discoverable by a competitor, or similar information entitled to confidential treatment under Arkansas law.

PURPOSE

2.      This Protective Order shall govern the use and dissemination of all information, documents, or materials that are produced by the parties or other persons in the action and designated as Confidential Information in accordance with the terms of this Protective Order. This Protective Order is not intended to address or govern claims of work product or privilege that may be asserted by any of the parties, except as otherwise provided in this Order.

DESIGNATION AND TREATMENT

3.      Any party to this action or other person who produces or supplies information, documents or other materials in this action (hereinafter the "Designating Party") may designate as "Confidential Information" any information, document or material that meets the definitions in ¶ 1(b) of this Protective Order.  The designations "Confidential Information" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, words that in substance state, "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER."  Any material, document, or information for which it is impracticable to affix such a legend may be designated by written notice to that effect with a reasonable description of the material in question.

4.      At the option of the Designating Party, and to facilitate prompt discovery by allowing inspection or review before formal designation in the manner specified above, all information, material, or documents produced in response to a subpoena or discovery request shall be treated as Confidential Information pending inspection and copying.

5.      All persons having access to Confidential Information shall maintain it in a safe and secure manner to ensure compliance with this Order.  Any summary, extract, paraphrase, quotation, restatement, compilation, notes, or copy containing Confidential Information, or any electronic image or database containing Confidential Information, shall be subject to the terms of this Order to the same extent as the material or information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, copy, electronic image, or database is derived.

6.      A Designating Party may in good faith redact non-responsive and/or irrelevant Confidential Information from any document or material. However, unredacted copies of such documents shall be maintained by the Designating Party.

## "ATTORNEYS EYES ONLY" DESIGNATION

7.      A party to this action may designate a document as "attorneys eyes only" ("AEO")" if dissemination of the document would reveal the development of marketing plans, business plans, or financial plans.  A party designating a document as AEO will accompany the document designation with a written statement to the non designating party as to the reason for the AEO designation.  An objection to the AEO designation will follow the procedure outlined in ¶16 of this Order with the following exception: in the event that that objection is not cured at a meet and confer, the designating party will file a motion to resolve the dispute within 10 days of the objection.

## LIMITATIONS ON USE

8.      Except to the extent expressly authorized by this Order, Confidential Information shall not be used or disclosed for any purpose other than the preparation and trial of this case and in any appeal taken from any judgment herein.  Nothing designated as Confidential Information

shall be used for any commercial, business, marketing, competitive, personal, or other purposes whatsoever.

LIMITATIONS ON DISCLOSURE

9.      Except with the prior written consent of the Designating Party, or as expressly authorized by this Order, no person receiving Confidential Information may disclose it to any other person. Nothing in this Order, however, shall be deemed to restrict in any manner the Designating Party's use of its own Confidential Information. Each party may disclose its own Confidential Information without regard to this Order.

10.      Any person to whom Confidential Information may be disclosed pursuant to this Order, except this Court and its personnel, first shall be required to read a copy of this Protective Order and such person shall be subject to the terms and conditions of this Protective Order and shall not use any of the Confidential Information for any purpose other than the prosecution or defense of this case.  The party making the disclosure of the Confidential Information to such persons shall be responsible for assuring compliance with this provision.

11.      Access to Confidential Information shall be limited to:

(a)      officers, employees, agents, and representatives of the receiving party or attorneys, paralegals, assistants, and clerical employees who are assisting in the prosecution, defense and/or appeal of this action;

(b)      Any consultant, investigator, or expert (collectively, "Expert") who is assisting in the preparation and/or trial of the Action, but only to the extent reasonably necessary to enable such Expert to render such assistance;

(c)      Court reporters and videographers involved in rendering professional services in the action; and

(d)      professional vendors (including the employees and contractors of the vendors) who provide litigation support services in this action;

(e)      people who generated or received the documents;

(f)      other potential or anticipated deposition or other fact witnesses, who have or reasonably may have knowledge relating to the contents of the documents or information designated "CONFIDENTIAL" or the specific events, transactions, or date reflected in the confidential information;

(g)      witnesses at depositions, hearings, or trials who are not otherwise described above; and

(h)      The Court and its personnel, subject to the provisions of ¶15 of this Order.

12.      If a party or other person receiving Confidential Information pursuant to this Order thereafter receives a subpoena or order to produce such information in any other action or proceeding before any other court or agency, such party or person shall, before the due date of the request, notify the Designating Party of the pendency of the subpoena, public records request, or order in writing.  To give the Designating Party an opportunity to obtain such relief, the party or person from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.  To the extent a court in another jurisdiction determines that the documents or information produced in this litigation are discoverable in another lawsuit, this provision shall not prevent the use or production of "Confidential Information" produced in this case, subject to any Protective Orders entered by the Court of the other jurisdiction.

DEPOSITIONS INVOLVING CONFIDENTIAL INFORMATION

13.     Portions of a deposition or depositions in their entirety may be designated Confidential Information by counsel for the deponent or the Designating Party, with respect to documents or information that it has produced, by indicating that fact on the record at the deposition or in writing no later than 30 days after the receipt of the deposition transcript.  The court reporter shall include on the cover page a clear indication that the deposition has been so designated.  Once designated, any deposition transcript in which Confidential Information is discussed, and any exhibits containing Confidential Information, shall be treated as such.

14.     No one may attend, or review the transcripts of, the portions of any depositions at which Confidential Information is shown or discussed, other than persons authorized to receive access to Confidential Information.

FILING OR USE OF CONFIDENTIAL INFORMATION AS EVIDENCE

15.     Where any Confidential Information or information derived therefrom is included in any court filing, such filing shall be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and shall be placed in a sealed envelope marked with the caption of the case and held under seal.

OBJECTIONS TO DESIGNATIONS

16.     Any party may, after production of material designated under this Protective Order, until 60 days prior to the Trial, object to its designation by notifying the Designating Party in writing of that objection and specifying the designated material to which the objection is made.  The parties shall confer within 10 days of service of any written objection.  If the objection is not resolved, the Designating Party shall, within 20 days of the objection, file and serve a motion to resolve the dispute.  If the Designating Party does not file a Motion to resolve

the dispute within 20 days of the objection, the documents or information objected to shall not be deemed confidential.  In doing so, the Designating Party shall follow the procedures of ¶15 of this Order, if applicable.

## INADVERTENT WAIVER

17.     Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within 15 days of the discovery of the inadvertent failure.  At such time, arrangements shall be made for the Designating Party to substitute properly labeled copies.

## NON-TERMINATION

18.     Any information or documents designated as Confidential Information shall continue to be treated as such until such time as (i) the Designating Party expressly agrees in writing that the information, documents, testimony or other materials in question are no longer Confidential; (ii) there is a finding by the Court that the information or documents are not the proper subject of protection under this order; or (iii) the Designating Party fails to file a Motion to resolve a dispute as to the confidential treatment of designated materials objected to by a party as provided in ¶16.  Issues regarding the protection of Confidential Information during trial may be presented to the Court as each party deems appropriate.

19.     The obligations and protections imposed by this Order shall continue beyond the conclusion of this action, including any appeals, or until the Court orders otherwise.  Within 60 days after receipt of a request from the Designating Party, made after this action has concluded and the time for possible appeal has been resolved, Confidential Information (other than exhibits at the official court of record) shall be returned to the appropriate Designating Party or shall be destroyed by the receiving party.  Counsel for any party or third party receiving Confidential

Information in this action shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party within 180 days after such request.

## ADMISSIBILITY

20.     Nothing contained herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

21.     Any party may introduce relevant and admissible CONFIDENTIAL INFORMATION at trial or at a hearing before the Court in this action.  The party or non-party that produced the CONFIDENTIAL INFORMATION may seek to restrict the portion of the trial or hearing dealing with such materials.

## OTHER DEFENSES TO PRODUCTION

22.     Nothing contained herein shall be construed to or in any way affect or impair the right of any party to seek additional protection or to raise or assert any defense, objection, privilege, or immunity to the discovery or production of documents or confidential information contained therein or to the use of any evidence.

23.     Nothing contained herein shall require the disclosure or dissemination of material which is covered by the attorney-client privilege or the work product doctrine.

24.     In the event that only part of the document is claimed to be privileged or protected, in addition to furnishing the entire document designated confidential, the producing party shall furnish redacted copies of such document, removing only the part(s) thereof claimed to be privileged or protected, to all Receiving Parties.

25.     The designation of any document or any portion of a document or any information produced in discovery as confidential shall be made in good faith and shall constitute a certification by counsel that the designation is, in counsel's opinion, a trade secret or

other confidential research, development, or commercial information entitled to confidential treatment under Arkansas law.  If a Receiving Party disputes in good faith the Producing Party's claim of privilege or protection, (a) the Receiving Party and Producing Party shall promptly meet and confer to attempt to resolve the claim of privilege or protection, and (b) the Receiving Party shall refrain from further using or otherwise disclosing the document or its contents or part(s) of the document claimed to be privileged or protected until the dispute is resolved.

CONTINUING JURISDICTION

26.     This Court shall have continuing jurisdiction to modify, amend, enforce or interpret this Protective Order notwithstanding the termination of this action.

IT IS SO ORDERED this the 18th day of June, 2013.


_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE